UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **ADRIAN DAVID RICO** | **CIVIL ACTION NO. 15-2372-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **A.K. WILLIS, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Adrian David Rico ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was filed in this court on September 15, 2015. Plaintiff was detained at the LaSalle Detention Center in Trout, Louisiana when he filed this complaint. He names the Caddo Parish District Attorney, Hooglands Landscape, and Debby Morris as defendants.[1]

Plaintiff claims he was detained for nine months for Adrian David Rodriguez's charge because of a case of mistaken identity. Plaintiff claims he was arrested in Dallas, Texas on June 6, 2014 and had been in custody ever since that date. He claims Adrian David Rodriguez was arrested in Dallas, Texas on September 13, 2014. He claims a hold from Caddo Parish was placed on him instead of Rodriguez.

---

[1] Plaintiff also names A.K. Willis, Eddie Thomas, Jr., and Mrs. Washington. The claims against these Defendants have been addressed in a separate memorandum order.

Plaintiff claims that on January 6, 2015, he pleaded guilty in Dallas, Texas. He claims that on January 15, 2015, he was extradited to Shreveport, Louisiana. He claims that during booking, Mrs. Washington forced him to go by the name Adrian David Rodriguez.

Plaintiff claims that on February 11, 2015, he appeared in court. He claims Detective Morris testified that she recognized him as Adrian Rodriguez. He claims the police report states that Adrian Rodriguez is 5'10" with no visible tattoos and no Spanish accent. Plaintiff claims he is 5'4" with visible tattoos and a Spanish accent. He claims he has never worked for Hooglands Landscape. He claims he was already in jail at the time the crimes are alleged to have occurred. Plaintiff claims his attorneys did nothing to help him.

Plaintiff claims he was not convicted of the false charges, but was detained for nine months. Accordingly, Plaintiff seeks monetary damages.[2]

## LAW AND ANALYSIS

**State Actors**

Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. See 42 U.S.C. § 1983. A plaintiff in a civil rights suit must show that the conduct of which he is complaining was committed by a person acting

---

[2]Plaintiff also seeks a pardon from the United States so that he can remain in this country. Article II, Section2 of the United States Constitution vests the power to grant federal pardons in the President the United States alone. Thus, the court will not consider Plaintiff's request for a pardon. If Plaintiff wishes to seek a pardon, he should contact the United States Department of Justice.

under color of state law. Plaintiff has not alleged any action that would give rise to the defendants Hooglands Landscape and its employee Debby Morris being state actors for purposes of Section 1983. Accordingly, Plaintiff's civil rights claims against Hooglands Landscape and Debby Morris should be dismissed as frivolous.

**District Attorney**

Plaintiff names the District Attorney for the Louisiana First Judicial District Court as a defendant. He claims he was illegally detained and charged with a crime because he was mistaken for another individual. Prosecutors have absolute immunity when acting in a quasi-judicial mode. Imbler v. Pachtman, 424 U.S. 409, 106 S.Ct. 984, 47 L.Ed.2d 128 (1976); Geter v. Fortenberry, 849 F.2d 1550 (5th Cir. 1988). The Fifth Circuit has repeatedly recognized the purpose of the immunity defense is to protect public officials from undue interference with their duties and from disabling threats of liability. Geter, 849 F.2d at 1552. Absolute immunity is immunity from suit rather than from liability. Elliot v. Perez, 751 F.2d 1472 (5th Cir. 1985). The Fifth Circuit "has likewise accepted the premise that the protected official should be sheltered from trial and pre-trial preparation as well as liability." Id. at 1478.

The conduct challenged unequivocally falls within the authority of the District Attorney as a quasi-judicial officer of the court and in the ordinary exercise of his quasi-judicial duties. Accordingly, Plaintiff's civil rights claims against the District Attorney for the Louisiana First Judicial District Court should be dismissed as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights claims against Hooglands Landscape, Debby Morris, and the District Attorney for the Louisiana First Judicial District Court be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel

are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 30th day of October,  2017.

_____
Mark L. Hornsby
U.S. Magistrate Judge